MULLANEY v. WOODRUFF.

1. APPEAL AND ERROR—REQUESTS TO CHARGE.

Failure of trial court to give request to charge which may have been an accurate statement of the law but which was inapplicable to the theories upon which the case was tried and probably misleading to the jury *held*, justified.

2. AUTOMOBILES — PEDESTRIANS — CONTRIBUTORY NEGLIGENCE — REQUESTS TO CHARGE.

In action by administratrix of estate of pedestrian who was fatally injured when struck by defendants' car at 2 a. m. as it

was about to pass around to left of car which had stopped on
right side of 20-foot pavement, where theory of defendants'
claim of contributory negligence was that decedent, who had
been walking easterly along northerly shoulder of road, stepped
backward from center to north part of road into path of
their car, the refusal to give request to charge that if defend-
ants' car was far enough to west at time decedent began walk-
ing across pavement so that an ordinarily prudent person
would believe that he had time to cross ahead of such ap-
proaching car the decedent could not be charged with con-
tributory negligence *held*, justified, since such request was
not applicable to issue of contributory negligence before jury
and would probably have been misleading anyway.

3. EVIDENCE—PRESUMPTION OF DUE CARE—EYEWITNESSES—RE-
QUESTS TO CHARGE.

Request to charge that presumption prevailed that pedestrian
was using due care when fatally injured by defendants' auto-
mobile *held*, properly refused where there were several eye-
witnesses to accident.

4. APPEAL AND ERROR—REQUESTS TO CHARGE.

Refusal to give requests to charge which were either inapplicable
or contained inaccurate statements of law *held*, properly de-
nied.

5. AUTOMOBILES — PEDESTRIANS — CONTRIBUTORY NEGLIGENCE — IN-
STRUCTIONS.

In action arising from infliction of fatal injuries to pedestrian
by defendants' car, references in charge of court to center of
highway as place where decedent was "out of danger" or as
"place of comparative safety" *held*, justified by testimony
and necessary to a fair presentation of the law applicable to
defendants' theory as to contributory negligence of decedent
in suddenly stepping backward away from center of highway
near a parked car immediately in front of defendants' car.

6. APPEAL AND ERROR—CROSS-EXAMINATION OF PLAINTIFF'S ATTOR-
NEY—PROSECUTING ATTORNEY.

Defendants' cross-examination as to official investigation of acci-
dent, fatal to plaintiff's decedent, a pedestrian, by prosecuting
attorney of county in which accident occurred, which attorney
was one of plaintiff's administratrix' attorneys, *held*, improper
as tending to get hearsay testimony before jury but not suffi-
cient reason for granting plaintiff a new trial or reversal on
appeal.

7. SAME—FAIR TRIAL—VERDICTS AND FINDINGS—CONTRIBUTORY NEG-
LIGENCE.

Record examined and *held*, to contain no justification for holding
plaintiff did not have a fair trial in the circuit court nor for
vacating verdict and judgment for defendants based on find-
ing plaintiff's decedent was guilty of contributory negligence.

Appeal from Sanilac; Boomhower (Xenophon
A.), J. Submitted April 23, 1937. (Docket No. 118,
Calendar No. 39,472.) Decided May 21, 1937.

Case by Winnifred Mullaney, administratrix of
the estate of Edmund R. Mullaney, deceased,
against Roland Woodruff and Vern Woodruff for
fatal injuries sustained by plaintiff's decedent when
struck by an automobile while crossing a pavement.
Verdict and judgment for defendants. Plaintiff ap-
peals. Affirmed.

*Paterson & Paterson,* for plaintiff.

*Stewart & Black (Dean W. Kelley,* of counsel),
for defendants.

NORTH, J. Plaintiff's decedent, a pedestrian, was
struck while crossing a public highway by an auto-
mobile driven by defendant Vern Woodruff and
owned by defendant Roland Woodruff. Plaintiff's
decedent died from the injuries received and this
suit followed. The issues of defendants' negligence
and the contributory negligence of plaintiff's dece-
dent were submitted to a jury and there was verdict
for the defendants on the ground of decedent's con-
tributory negligence. Plaintiff has appealed.

The following facts concerning details of the acci-
dent are taken from the statement contained in
appellant's brief. The accident happened in the vil-
lage of Melvin, about 2 o'clock on the morning of
August 25, 1935. Driving conditions were normal.
Defendant Vern Woodruff was driving in an east-

erly direction on a pavement 20 feet wide. Another automobile owned and operated by a Mr. Crysler was ahead of the Woodruff car and proceeding in the same direction on its right hand side of the pavement. Crysler's car slowed down, and either stopped or had practically stopped at the time of the accident. Plaintiff's decedent was walking in an easterly direction along the northerly shoulder of this highway. When Vern Woodruff, who is hereinafter referred to as the defendant, was 200 to 250 feet back of the Crysler car he veered to his left for the obvious purpose of passing the car ahead. About this same time plaintiff's decedent turned to his right and by normal steps started to cross the pavement in a southerly direction. As he did this the Crysler car was directly in front of him and defendant was approaching from the west at a speed of 20 miles per hour and with bright lights burning. The testimony shows that as decedent reached or neared the center line of the pavement he glanced toward the west, jumped back to the north 8 feet by taking 3 to 5 hurried steps; that he was within 2 feet of the north edge of the pavement and was struck by the right central part of the front of defendant's car. The north shoulder of the highway at this point was 8 or 10 feet wide and was clear.

Special questions were submitted to and answered by the jury. From these questions and answers it appears that the jury found the defendant negligent and also found plaintiff's decedent guilty of contributory negligence. As noted above, the jury accordingly rendered a verdict in favor of defendants. On this appeal plaintiff complains of the failure of the court to give seven of her requests to charge. The second of these requests reads:

"I charge you that if the defendant car was far enough to the west at the time the decedent, Ed-

mund R. Mullaney, began walking across the pavement, so that an ordinarily prudent person would believe that he had time to cross ahead of the approaching automobile, the decedent, Edmund R. Mullaney, could not therefore be charged with contributory negligence.''

Obviously the trial court was justified in declining to give this request as presented. The question is not whether the request is an accurate statement of the law, but instead is it applicable to the theories upon which the instant case was tried and also whether giving the request as prepared would have been misleading to the jury and therefore prejudicial. The theory of contributory negligence upon which defendants relied was not that plaintiff's decedent was guilty of contributory negligence in attempting to walk across the pavement; but instead that his contributory negligence consisted suddenly in retracing his steps from a point near the center of the pavement and by so doing negligently placing himself in the path of defendant's approaching car. Under the circumstances the request was not applicable to the issue which the jury was to determine. And, further, giving the request as drafted would probably have been misleading and prejudicial. Its denial was proper.

Another of appellant's requests to charge embodied a statement of the law to the effect that since plaintiff's decedent died as a result of the accident, he was presumed to have exercised due care. There were several eyewitnesses to this accident, hence, the obvious impropriety of charging the jury that the presumption of due care prevailed.

The remaining requests of appellant to charge have been considered and we find each of them was properly denied because of its inapplicability to the issues of fact submitted to the jury or because of an

inaccurate statement of the law embodied in such request.

Appellant also complains that there was error in several particulars in the charge of the court as given. We have reviewed the charge of the court and fail to find that in any of the particulars of which appellant complains there was prejudicial error. A number of these complaints are based upon the reference of the trial court to plaintiff's decedent, at the time he was at or near the center line of the highway, being "out of danger" or in "a place of comparative safety at the center of the pavement." These expressions were justified by testimony given in the case, and reference to the situation as portrayed by the testimony was necessary in the fair presentation of the law applicable to defendants' theory of contributory negligence. This was accomplished by the court without placing undue emphasis upon the testimony or the claim of defendants that had plaintiff's decedent remained in his position near the center of the highway instead of suddenly going backward to a point about two feet from the northern edge of the pavement the accident would not have happened. Whether defendant was justified in assuming he could pass to the north of plaintiff's decedent without striking him, or whether defendant was guilty of negligence in not having his automobile under better control in view of all the surrounding circumstances presented an issue of fact for the jury, and on this issue the jury found against defendants. The jury also found, and this was clearly an issue of fact, that plaintiff's decedent in suddenly attempting to retrace his steps was guilty of contributory negligence. This was the controlling issue in the case and the determination of the jury is abundantly sustained by the testimony. The record convincingly

discloses that the jury understood the issues submitted and intelligently passed upon them.

One of plaintiff's counsel was prosecuting attorney of Sanilac county where the accident occurred. This attorney was called as a witness by defendant and subjected to cross-examination as to his official investigation of this accident. We think the practice resorted to was not proper in this case because it is a fair inference from this record that defendant's counsel was seeking thereby to get before the jury hearsay testimony concerning matters which the prosecuting attorney, through his official investigation, had learned about the accident. Likewise what the prosecuting attorney did or failed to do in making an investigation of the accident was wholly incompetent and immaterial on the trial of the issues in this case. Notwithstanding the improper procedure in this phase of the trial, we are satisfied that the rights of plaintiff were not prejudiced. Under the circumstances the trial judge was justified in holding that this procedure was not a sufficient reason for granting plaintiff's motion for a new trial, nor does it justify reversal on appeal to this court.

We have considered the reasons assigned in support of plaintiff's motion for a new trial, which was denied by the circuit judge, and also other questions raised on this appeal; but in none of them do we find a justification for holding that plaintiff did not have a fair trial in the circuit court, or for vacating the verdict and judgment for defendants based on the jury's finding that plaintiff's decedent was guilty of contributory negligence. The judgment entered in the circuit court is affirmed, with costs to appellees.

Fead, C. J., and Wiest, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.